Judge Rosemary Ledet
This suit arises from a tax sale. The plaintiff, Community Associates, Inc. ("Community"), filed suit to annul the tax sale, naming the following four defendants: Tommy Taylor; Shannon Dave Griffin; Ronnie Heisser; and Nadine Heisser. The Heissers filed a reconventional demand to quiet title. Following a bench trial, the trial court ruled in favor of the Heissers, dismissing Community's petition to annul and granting the Heissers' reconventional demand to quiet title. From that judgment, Community appeals. For the reasons that follow, we remand this case to the trial court for correction of the record.
INCOMPLETE RECORD
When the record was lodged with this court, none of the Heissers' exhibits from the November 30, 2016 trial was included in the record. This court ordered Community to show cause why its appeal should not be remanded to the trial court for correction of the record. Community filed a response in which it represented that the Heissers' exhibits had not been filed into the trial court record; that, nonetheless, Community and the Heissers had agreed to supplement by stipulation the record on *796 appeal with the exhibits;[1] but that the Heissers had failed to provide the exhibits to Community for supplementation. This court thus ordered the Heissers to supplement the record on appeal with the exhibits. In response to our order, the Heissers filed in this court a set of documents; none of the documents, however, is consistent with the exhibits offered by the Heissers at the November 30, 2016 trial.
Without the Heissers' exhibits, we cannot review Community's assignments of error. Accordingly, we remand with instructions. See La. C.C.P. art. 2161 (providing, in pertinent part, that "[a]n appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record").
DECREE
For the foregoing reasons, this case is remanded to the trial court. On remand, the trial court is instructed to order the Heissers to supplement the trial court record by filing, in original form, the exhibits introduced by them at the November 30, 2016 trial. We reserve Community's right, upon completion of the record, to move for a new appeal. We also reserve Community's right to move the district court to tax the costs of this appeal to the Heissers.
REMANDED WITH INSTRUCTIONS

See La. C.C.P. art. 2132 (providing, in pertinent part, that "[a] record on appeal which ... omits a material part of the trial record[ ] may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court").